United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENT HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WINFORD REECE,<br><br>    Defendant. | Case No. 24-cv-04024-JST<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING TO STATE COURT**<br><br>Re: ECF No. 6 |

The Court has reviewed Magistrate Judge Kandis A. Westmore's report and recommendation, ECF No. 6, to remand this case to state court. Defendant, who is not a CM/ECF participant, was served via First Class Mail to his address of record on July 26, 2024. *See* ECF No. 6. No objections were filed within the 14-day period, which expired on August 12, 2024. *See* Fed. R. Civ. P. 72(b)(2) (setting 14-day period for objections); Fed. R. Civ. P. 6(d) (allowing three additional days when service is by mail).

Defendant Winford Reece filed a late objection to the report and recommendation, styled as an "Ex Parte Motion for Reconsideration," on August 16, 2024. ECF No. 10. The same day, Defendant also filed a complaint asserting counterclaims[1] against Plaintiff Clement Holdings, LLC, and claims against third-party Wyoming Investments, LLC. ECF No. 11. Defendant argues that these claims, some of which arise under federal law, provide the court with supplemental jurisdiction over the original complaint. *See* ECF No. 10 at 7.

Defendant's motion for reconsideration is denied. "A counterclaim—which appears as

---

[1] Although Defendant labels his claims as "crossclaims," the filing consists of counterclaims (because Clement Holdings, LLC is the opposing party) and third-party claims (because Wyoming Investments, LLC is not a party to the original complaint). *See* Fed. R. Civ P. 13–14.

part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question defendants raise in their counterclaims does not provide a basis for removal."). The same rule applies to the third-party claims against Wyoming Investments, LLC. "Federal question jurisdiction exists only if the plaintiff's complaint states a federal cause of action; permitting a defendant to create federal subject matter jurisdiction by casting a third-party complaint in terms of a federal cause of action would impermissibly expand the jurisdiction of the federal courts beyond that conferred by Congress." *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 820–21 (S.D.W. Va. 2004); *see* 6 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1444 ("[W]hen there is no subject-matter jurisdiction over the original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction."). Because the Court has no jurisdiction over the original complaint in this case, it also lacks jurisdiction over Defendant's counterclaims and third-party claims.

The Court finds Judge Westmore's report to be correct, well-reasoned, and thorough, and adopts it in every respect. This case is remanded to state court.

**IT IS SO ORDERED.**

Dated: August 21, 2024



JON S. TIGAR
United States District Judge